PATRICK POWELL v. THE STATE.

No. 6843.    Decided March 22, 1922.

Theft of Cattle—Sufficiency of the Evidence—Fictitious Name—Possession.

Where, upon trial of theft of cattle, defendant claimed that he pur-
chased the animal from a certain person named Raymond, which the evi-
dence showed to have been fictitious, and the animal was either taken from

the pasture or was in the road in the range, and therefore still in possession of the owner, and the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Fort Bend. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Edward Risinger,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The jury concluded that the appellant stole a cow from the possession of the witness Mays. Mays was the owner of a number of cattle which he kept in his pasture and which were branded in his registered brand. The cow in question was identified by Mays, both by the brand and flesh-marks.

There were no eye witnesses to the taking of the animal and circumstances were relied upon by the state to establish the guilt of the appellant. The testimony was affirmative that the animal had not, with the consent of Mays, come into the possession of any one. On his cross-examination, there were admissions that it was possible that the animal might have escaped from his pasture.

The appellant had lived on the premises of Mays, was acquainted with his brand and was found in possession of the animal, but accounted therefor by the statement of her purchase from a man by the name of Raymond and that two persons, whom he named, were present. Both of these, however, disclaimed any knowledge of the transaction, and an extended inquiry and search failed to reveal the entity of Raymond. The evidence is quite sufficient to support a finding by the jury that he was a fictitious person. See Fry v. State, 86 Texas Crim. Rep. 79; Cyc. of Law & Proc., Vol. 19, p. 1421; Greenleaf on Evidence, Sec. 109.

Appellant caused his brand to be put on the animal and exercised acts of ownership while he was in possession under circumstances sufficient to show that he knew that the animal belonged to Mays. He disclosed to Mays his possession of the cow, and this is relied upon by the appellant as evidence that his possession of the cow is not fraudulent. The evidence justifies the conclusion that he sought Mays only after he became conscious that the theft was discovered and he was under suspicion. These facts were considered by the

jury under a charge of which there is no complaint, and in our judgment, the finding of the jury that his possession was fraudulent and his defenses untrue are well supported by the evidence.

Whether the evidence is sufficient to show that the appellant took the animal from the possession of Mays is the only question upon which there could arise from the record a serious legal controversy. That the animal belonged to Mays, bore his brand, was not lawfully acquired by the appellant, went out of the possession of Mays without his consent, are all facts that are clearly shown. Whether the animal, when taken, was in the road or in the pasture of Mays, is not material, as she would have still been in his possession, and we think the evidence is sufficient to negative any theory or hypothesis that the animal was stolen or taken from the possession of Mays by some one other than the appellant and afterwards acquired by him.

Regarding the evidence as sufficient, we order the affirmance of the judgment.

*Affirmed.*